IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 3:10-CR-30209-NJR-1

DANWINE DEWAYNE RENARD,

Defendant.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Early Termination of Supervised Release filed by Defendant Danwine Dewayne Renard. (Doc. 110). Renard seeks early termination of his five year period of supervised release after serving over half of his term. (*See* Docs. 71, 110, 112). The Government opposes the motion, but Renard's probation officer does not (Doc. 112).

Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Here, Renard has served more than one year of his term of supervised release which began in October 2021. (Docs. 110, 112). He was originally sentenced to a 144-month term of imprisonment and five years of supervised release for conspiracy to commit mail fraud, bank

fraud, and wire fraud, aiding and abetting bank fraud, and aiding and abetting aggravated identity theft. (Doc. 71).

To support his motion, Renard reports that, early on in his supervised release term, he secured a job and has not missed a day of work since he started. (Doc. 110). Renard highlights that he has not committed any conduct violations on supervised release, has submitted all required monthly reports, has passed all drug tests, and has consistently tendered monthly restitution payments. (*Id.*). Moreover, Renard pledges to pay every month on his restitution until it is paid off and to avoid any future involvement in criminal activity. (*Id.*). Renard's probation officer confirmed his compliance, employment, regular restitution payments, and negative drug tests. (Doc. 112). As such, Renard's probation officer does not object to the early termination request. (*Id.*).

On the other hand, the Government opposes early termination of Renard's term of supervised release despite his demonstrated compliance during his supervised release. (*Id.*). The Government emphasizes that Renard amassed a high, outstanding restitution balance and forfeiture obligation, impacted over one hundred victims with his criminal actions, demonstrated sophistication in his criminal scheme across several states (even while incarcerated), acted as a leader for the scheme, and used a minor to perpetrate the scheme. (*Id.*). The Government also points to Renard's criminal history and status as a sex offender. (*Id.*). According to the Government, continued supervision is the most reliable strategy for ensuring that Renard does not reoffend, and the structured environment of supervised release is conducive to his success in remaining law-abiding. (*Id.*).

Despite opposition from the Government, after considering Renard's motion, the supportive position of his probation officer, and the 18 U.S.C. § 3553(a) factors, the Court

finds that early termination of Renard's supervised release is warranted by his conduct and in the interest of justice. While the nature of Renard's offense is certainly troubling, his prison sentence reflected the seriousness of his crime and afforded adequate deterrence from further criminal conduct. Renard has also served over half his term of supervised release in full compliance. Even after his release from supervision, Renard will remain obligated to pay his outstanding restitution and is well-positioned to do so with a stable job.

Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Danwine Dewayne Renard (Doc. 110) is **GRANTED**. The previously imposed term of supervised release is **TERMINATED** as of the date of this Order.

**IT IS SO ORDERED.**

DATED:   June 5, 2024

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**